UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 18-10153-RGS

UNITED STATES OF AMERICA

v.

LAWRENCE SHEEDY

MEMORANDUM AND ORDER ON
DEFENDANT'S AMENDED MOTION
FOR REDUCTION OF SENTENCE

July 22, 2020

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). There is a recently enacted exception. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on the motion of the Director of the Bureau of Prisons or that of a defendant who has exhausted his prescribed administrative rights, may order a compassionate reduction of sentence: (1) on a finding of "extraordinary and compelling reasons"; or (2) on findings that apply to mostly elderly long-term inmates suffering from terminal or

self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community.

Defendant Lawrence Sheedy was sentenced by the court to twenty-four months for failing to register as a sex offender.[1] He is serving his sentence at FCI Hazelton in West Virginia. He reports that he is scheduled for release on September 30, 2020, but will be extradited to Rustburg, Virginia, to answer to a violation of previous conditions of release imposed by the state court (among them that he register as a sex offender). Sheedy, who is in his mid-40s, does not fit the eligibility criteria that apply to the second statutory category of inmate described in § 3582(c)(1)(A)(2).

In his motion filed on June 15, 2020,[2] Sheedy asks that his committed

---

[1] In imposing the sentence, the court departed downward from a Guideline sentencing range of 33 to 41 months based on a post-plea psychological examination.

[2] Sheedy filed the original compassionate release motion *pro se* on April 21, 2020, claiming frustration at his unsuccessful attempts to exhaust his available administrative remedy by filing a request for a reduction of sentence with the Bureau of Prisons. The court deems exhaustion to be a mandatory prerequisite to the exercise of its jurisdiction under the compassionate release statute. *See United States v. Alam*, 960 F.3d 831, 833-835 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). On May 4, 2020, Sheedy succeeded in filing the request, which the Warden at FCI Hazelton denied on May 18, 2020. The government agrees that, as a result, Sheedy's case is now ripe for adjudication. Gov't Mem., Dkt # 80 at 3.

sentence be reduced to time served to permit his immediate transfer to Virginia where he believes the prison environmental conditions are better that those at FCI Hazelton.[3]  Sheedy cites a generalized, but understandable, fear of the threat of infection posed by the COVID-19 virus in a closely confined prison setting.  Sheedy states that his medical history includes chronic obstructive pulmonary disease (COPD), a compromised immune system attributable to use of an Albuterol inhaler, and a self-reported diagnosis of lung cancer.  Based on the medical records gathered from the Norfolk County Correctional Center, the government (while not disputing the COPD diagnosis) maintains that these do not support Sheedy's claim of being a "vulnerable" inmate.  Gov't Mem., Dkt # 80 at 8.  The records show that Sheedy maintained an active work and recreation schedule while held at Norfolk.  And, as the government notes, the available medical records do not confirm a lung cancer diagnosis, nor is there any record that

---

[3] According to the government, FCI Hazelton has reported no active cases of COVID-19. Gov't Mem., Dkt # 80 at 10.  On June 15, 2020, formal counsel for Sheedy filed a supplemental brief supporting his *pro se* motion, The brief is helpful in many respects (particularly in setting out the background of the Bureau of Prison's response to the COVID-19 crisis); counsel, however, seems under the mistaken impression that FCI Hazelton is located in New York State where the COVID-19 outbreak has been severe (if now improving).  Def.'s Supp. Mem., Dkt # 74 at 3-4.

3

Sheedy has or is being treated for lung cancer.  Gov't Mem., Dkt # 80 at 10. On balance, I agree with the government that in the absence of any convincing medical evidence to the contrary, Sheedy has failed to meet is burden of showing that his circumstances are so "extraordinary and compelling" as to warrant early compassionate release.

While I am as concerned as any judge with the impact of COVID-19 on the prison population, unless society is to make the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those eligible for release from those who are not.  In setting the conditions that justify compassionate release, Congress made its best effort to provide judges with the tools needed to make these difficult and, at times, heart-wrenching decisions.[4]  Sheedy does not meet the mandated eligibility criteria and, therefore, is not a candidate for compassionate release.

---

[4] Congress, in addition to the quantitative criteria set out in 18 U.S.C. § 3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission.  Given the nature of Sheedy's offense and his long criminal history, the § 3553(a) factors do not weigh in Sheedy's favor, as I agree with the government that there remains a genuine risk (if not acute) risk of his reoffending.  To the extent the factors do apply positively (here I make particular note of his now more stable family relationships and the support of his wife Andrea), the court took these fully into account in imposing a sentence that the government aptly characterizes as "generous."

## ORDER

For the foregoing reasons, the Amended Motion for a Reduction of Sentence is <u>DENIED</u>.

                                      SO ORDERED.

                                      <u>/s/ Richard G Stearns</u>\
                                      UNITED STATES DISTRICT JUDGE